**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DWAIN L. FARROW, | ) | CASE NO.1:08CV1429 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| CARL ANDERSON, Warden | ) | MEMORANDUM OF OPINION |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Dwain L. Farrow's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, grants Respondent's Motion to Dismiss and dismisses Petitioner's petition.

## **FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation adopted and incorporated, provides a more complete and detailed discussion of the facts. In December 1975, a Cuyahoga County, Ohio Grand Jury

1

indicted Petitioner and three co-defendants on ten counts of Aggravated Robbery in violation of Ohio Revised Code (R.C.) § 2911.01, ten counts of Kidnaping in violation of R.C. § 2905.01, and one count of Aggravated Murder in violation of R.C. § 2903.01. The Aggravated Murder indictment carried three specifications: (1) that the killing occurred in the course of an Aggravated Robbery; (2) that the killing occurred in the course of a Kidnaping; and (3) that the killing was of a known law enforcement officer who was engaged in his duties.

The ten Kidnaping counts and the second Aggravated Murder specification (killing in the course of Kidnaping) were nolled prior to trial. The trial court dismissed two of the Aggravated Robbery counts. The jury found Petitioner guilty of the remaining Aggravated Robbery counts and guilty of Aggravated Murder in the course of an aggravated robbery. They found Petitioner not guilty of Aggravated Murder of a law enforcement officer in the course of his duties.  On June 30, 1976, Petitioner was sentenced to consecutive sentences of seven to twenty-five years imprisonment for the Aggravated Robbery convictions and a death sentence for the Aggravated Murder conviction. In February of 1977, Petitioner's counsel filed a timely Appeal to the State Court of Appeals.  On February 21, 1978, the State Court of Appeals affirmed the judgment of the trial court.

Petitioner did not timely file an appeal to the Ohio Supreme Court. On April 28, 1978, however, Petitioner filed a delayed Notice of Appeal. On November 6, 1978, the Ohio Supreme Court denied Petitioner leave to appeal and sua sponte dismissed the appeal as "not involving any substantial constitutional question." On August 16, 1978, pursuant to the U.S. Supreme Court decisions, *Lockett v. Ohio* and *Bell v. Ohio,* the Ohio Supreme Court ordered Petitioner's death sentence reduced to life in prison.  On March 30, 2007, Petitioner's counsel filed a 26(B) Application to Reopen his Direct Appeal.  On April 23, 2007 the State Court of Appeals denied Petitioner's Application to Reopen Appeal, finding that Petitioner had failed to demonstrate good cause for his delay in filing

a timely application and that such failure alone was a sufficient basis for denial. On July 23, 2007, Petitioner timely appealed the denial of his 26(B) Application to Reopen Appeal to the Ohio Supreme Court. On September 20, 2007, the Ohio Supreme Court affirmed the State Court of Appeals judgment. On April 2, 2007, Petitioner filed a second Motion for Delayed Appeal to the Ohio Supreme Court. On July 25, 2007, the Ohio Supreme Court denied Petitioner's second Motion for Delayed Appeal.

On June 13, 2008, Petitioner filed the instant Writ of Habeas Corpus Petition, setting forth the following grounds for relief:

> **GROUND ONE**: DENIAL OF DUE PROCESS OF LAW
>
> Supporting Facts: Petitioner had been sentenced to death and the sentence of death affirmed by the Court of Appeals for Cuyahoga County demonstrated good cause to reopen this appeal beyond the 90 days allowed by Rule 26(B) of the Ohio rules of Appellate Procedure. Petitioner alleged, in an uncontradicted affidavit, that he had never been informed of the progress of his case nor was he aware that a decision had been made on the merits of his appeal which affirmed his conviction and death sentence.
>
> **GROUND TWO**: SIXTH AMENDMENT
>
> Supporting Facts: Petitioner was denied his Sixth Amendment right to the assistance of counsel where his trial counsel had a conflict of interest which prevented Petitioner receiving effective assistance of counsel.
>
> **GROUND THREE**: SIXTH AMENDMENT
>
> Supporting Facts: Petitioner was denied effective assistance of counsel where his trial counsel failed to file a motion to suppress evidence as a result of a warrantless arrest of Petitioner in his own home. Moreover, trial counsel

failed to object to unconstitutional jury instructions in a capital prosecution.

**GROUND FOUR**: FOURTEENTH AMENDMENT

Supporting Facts: Petitioner was denied due process of law when he was convicted based upon unconstitutional instructions concerning aiding and abetting and criminal liability. Moreover, the trial court omitted to inform the jury concerning an essential element of aggravated robbery which formed the predicate offense of aggravated murder of which Petitioner was convicted.

**GROUND FIVE**: SIXTH AMENDMENT

Supporting Facts: Petitioner was denied effective assistance of counsel. Petitioner who had been convicted and sentenced to a death sentence and his conviction and death sentence was affirmed on appeal had an appeal as of right to the Ohio Supreme Court. However, counsel failed to note in his notice of appeal that Petitioner's death sentence had been affirmed and that he could appeal to the Ohio Supreme Court as a matter or [sic] rights. Counsel stated in the notice of appeal that this was a discretionary appeal and consequently Petitioner's case was not heard as a matter of right by the Ohio Supreme Court and his motion for leave to appeal was denied.

On June 13, 2008, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. On October 9, 2008, Respondent filed a Motion to Dismiss. Petitioner filed his Opposition to Motion to Dismiss on November 7, 2008. The Magistrate Judge issued her Report and Recommendation on July 22, 2009. Petitioner filed his Objections to the Report and Recommendation on August 31, 2009, after being granted a deadline extension.

**STANDARD OF REVIEW**

4

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

The Magistrate Judge determined Petitioner's claims in grounds two, three, four and five were time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

5

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The United States Supreme Court has held that "direct review" includes the ninety-day period for seeking certiorari. *Penry v. Lynaugh*, 492 U.S. 302, 314 (1989). Thus, cases become final on direct review for purposes of §2244(d)(1)(A) when certiorari is denied or time to file a certiorari petition expires. *Smith v. Bowersox*, 159 F.3d 345 (8th Cir. 1998); *Alexander v. Keane*, 991 F. Supp. 329, 334 n.2 (S.D.N.Y. 1998) ; *Hughes v. Irvin*, 967 F. Supp. 775, 778 (E.D.N.Y. 1997). Various federal courts, including those in Ohio, have adopted a one-year "grace period," in order to allow habeas claims that accrued prior to April 24, 1996 (the effective date of the amendments to § 2244) to be filed. See *Brown v. O'Dea*, 187 F.3d 572, 576 (6th Cir. 1999).

The running of the limitations period is tolled during the pendency of a "properly filed" application for state post-conviction relief or other collateral relief with respect to the pertinent judgment or claims. 28 U.S.C. §2244(d)(2). The tolling provision, however, does not revive the limitations period, it can only serve to pause a clock that has not yet expired. *Rachid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) ; *Smith v.*

6

*McGinnis*, 208 F.3d 13,16-17 (2nd Cir. 2000).  Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Webster v. Moore*, 199 F.3d 1256 (11th Cir. 2000); *Rachid v. Khulmann*, *supra*; cf. *United States ex. rel Gonzalez v. DeTella*, 6 F.Supp.2d 780, 782 (N.D. Ill. 1998); *Healy v. DiPaolo*, 981 F. Supp. 705, 706-07 (D. Mass. 1997).

      Respondent contends that pursuant to 28 U.S.C. § 2244(d)(1)(A), Petitioner had until April 24, 1997 to file a Habeas Petition.   Respondent also contends Petitioner made no attempt at remedies, state or federal, from the conclusion of his direct appeal in 1978 until 2007.   Petitioner filed his federal Habeas Corpus Petition on June 13, 2008, more than eleven years after the grace period had expired on April 24, 1997.  Petitioner's 2007 [26(B)] Application to Reopen had no effect on the limitations period because it was filed well after the one-year grace period had expired.  In his Opposition, Petitioner contends that the AEDPA statute of limitations did not expire until one year after his second delayed appeal was denied by the Ohio Supreme Court.

      The Magistrate Judge correctly determined that Petitioner's conviction became final on April 6, 1978, when the time expired for him to file a Notice of Appeal in the Supreme Court of Ohio. Ohio Sup.Ct.R. II § 2(A)(1)(a).  Under Ohio law, Petitioner was required to file an Appeal to the Supreme Court of Ohio within forty-five days of the court's final decision on direct appeal, which was entered on February 9, 1978.  Petitioner filed his Motion for Delayed Appeal in the Supreme Court of Ohio on April 28, 1978, at which point the statute of limitations had already run for 33 days.  The statute of limitations was tolled until the Supreme Court of Ohio issued its decision denying leave to appeal on November 6, 1978.  The limitations period resumed running on November 7, 1978 and expired at least 332 days later on October 15, 1979, absent any further tolling of the statute.  The Court agrees with the Magistrate Judge's determination that the one-year grace period expired on April 24, 1997.

7

Petitioner contends that the 2007 filing of his delayed 26(B) application revived his already expired AEDPA statute of limitations.  As the Magistrate Judge correctly points out, "A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Goodwin v. Davis*, 2009 WL 1505529, (E.D. Mich 2009) ( quoting *Jurado v. Burt,* 337 F.3d 638, 641 (6th Cir. 2003)); *Pahoundis v. Voorhies*, 2009 WL 1911887 at *3 (S.D.Ohio) ("The tolling provision does not " 'revive' the limitations period; it can only serve to pause a clock that has not yet fully expired.").  The Court agrees with the Magistrate Judge's determination that Petitioner had no statute of limitations to toll when he filed his Rule 26(B) Application or when he filed a Second Delayed Appeal.  The Ohio Supreme Court's last denial on September 20, 2007 certainly did not restart the clock, as even timely and well taken Rule 26(B) Applications and Delayed Appeals cannot restart the statute of limitations. See *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) ; see also *Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003) .

As the Magistrate Judge correctly held, just as the 26(B) Application to Reopen Appeal did not start anew the AEDPA statute of limitations clock, the Second Delayed Appeal also did not start anew the AEDPA statute of limitations clock. *Owens v. Andrews*, 2008 WL 5416422 (N.D.Ohio). The Court agrees with the Magistrate Judge that Petitioner's Second Delayed Appeal did not toll or revive the expired AEDPA statute of limitations clock, absent equitable tolling.  Petitioner did not raise the issue of equitable tolling, and therefore it is waived.  The Magistrate Judge correctly determined that even if Petitioner had raised the issue, The United States Supreme Court has not yet decided whether the statute of limitations for habeas actions is subject to equitable tolling. *Pace v. DeGuglielmo*, 544 U.S. 408, 418 n 8 (2005).

Federal appellate courts, including the Sixth Circuit, have determined that the one-year limitations period can be subject to equitable tolling. See *Griffin v. Rogers*, 308

8

F.3d 647, 653 (6th Cir. 2002). Although the Supreme Court has not considered the question of equitable tolling in habeas cases, it has determined that, if equitable tolling is available in habeas challenges to state court convictions, a litigant must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in the way of timely filing. *Pace,* 544 U.S. at 418.  The Magistrate Judge correctly held that Petitioner waited until almost thirty years had elapsed before filing his Rule 26(B) Application to Reopen Appeal and Second Delayed Appeal.   Although Petitioner contends he was too young to be faulted for his untimely filing, the Court agrees with the Magistrate Judge in noting, ignorance of the law, illiteracy, and lack of legal assistance do not amount to grounds for equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004).

Therefore, the Court finds that Petitioner has failed to demonstrate that he has pursued his rights diligently or that some extraordinary circumstance prevented his timely filing. Petitioner has failed to demonstrate that the statute of limitations should be equitably tolled in this instance. Absent equitable tolling, grounds two, three, four and five are untimely under the AEDPA and are denied and dismissed as time-barred.

In ground one, Petitioner contends he was denied due process of law because he was not informed of the progress of his case.  Respondent contends Petitioner's claim is not cognizable in federal habeas corpus.  The Magistrate Judge correctly held that , . . . [T]he Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review. See *Kirby v. Dutton*, 794 F.2d 245, 246-47 (6th Cir.1986) ; *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir.2002). The Sixth Circuit has clearly held that claims challenging state collateral post-conviction proceedings "cannot be brought under the federal habeas corpus provision, 28 U.S.C. § 2254," because " 'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the

9

writ is to secure release from illegal custody.' " *Kirby*, 794 F.2d at 246 ( quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439(1973)).

The Court agrees with Respondent that this claim is totally unrelated to Petitioner's detention. The Magistrate Judge correctly determined that this due process claim is related to post-conviction proceedings, and if granted, would not result in release for Petitioner. Therefore, the Court finds ground one is denied and dismissed as non-cognizable.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments. Ground one of Petitioner's Habeas Petition is non-cognizable in federal habeas corpus, and grounds two, three, four and five are barred by the one-year limitation period set forth in the AEDPA. The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well reasoned Report and Recommendation. Therefore, Respondent's Motion to Dismiss is GRANTED and Petitioner's Petition Under 28 U.S.C. §2254 for Writ of habeas Corpus by a Person in State Custody is dismissed.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

   IT IS SO ORDERED.


Date:9/15/2009    s/Christopher A. Boyko
          CHRISTOPHER A. BOYKO
          United States District Judge